IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00997-WJM-KLM

JACOB IND,

     Plaintiff,

v.

WILLIAM RUSHER,
DARYL PROFFITT,
MATTHEW WINDEN, and
COLORADO DEPARTMENT OF CORRECTIONS,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Combined Motion to Stay Discovery and to Schedule a Settlement Conference** [Docket No. 37; Filed October 31, 2012] (the "Motion").  On November 1, 2012, the District Judge granted the Motion to the extent it seeks referral for a settlement conference.  [#38].  The Court will therefore hold a settlement conference, the details of which are set forth at the end of this Order.[1]

With respect to the portion of the Motion that seeks a stay of discovery, the District Judge referred it to this Court for a ruling.  [#38].  Defendants ask the Court to stay discovery pending completion of the settlement conference.  Defendants represent that Plaintiff's position regarding a stay is unknown.  For the reasons stated below, the Court

_____

[1] Defendants request that the settlement conference be set in early January 2013.

**DENIES** the Motion.[2]

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of *proceedings* in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of *discovery* "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are pending.  *Id.*  The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. and Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010).  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).  In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).  Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue.  *See, e.g., id.*

The factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice

---

[2]  The Court may rule on a motion at any time after it is filed.  D.C.COLO.LCivR 7.1C.

to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

### 1. Plaintiff's Interests

This litigation does not differ substantially from other civil litigation.   Plaintiff's interests in proceeding with the lawsuit are manifest, as are Defendants' interests in avoiding or delaying it.   Here, staying discovery would further delay the resolution of Plaintiff's claims should the parties not reach a settlement at the settlement conference. This factor weights against the imposition of a stay.

### 2. Defendants' Burden

This issue concerns whether Defendants will be unfairly burdened if discovery proceeds before the settlement conference is held.   Although the Court recognizes that proceeding with discovery would be wasteful should the case settle at the settlement conference, traditionally, the likelihood of settlement in prisoner civil rights cases is minimal. Moreover, Defendants are seeking a settlement conference in January 2013 which is only two months away.   The Court finds that it would not impose an unfair burden on Defendants to proceed with discovery under these circumstances. Thus, this factor weighs against the imposition of a stay.

### 3. Convenience to the Court

Entry of a stay may cause delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable.   Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation,

including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.  *See* Judge William J. Martinez Practice Standards §§ II.D, III.D, III.E  (Nov. 1, 2011).  This factor weighs against the entry of a stay.

### 4.  Interest of Non-Parties

The Court finds that this factor does not weigh in favor of or against imposition of a stay, as it is impossible to predict the effect of a stay on any non-parties at this time.

### 5.  The Public Interest

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible.  In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will not be advanced by imposition of a stay.  Hence, this factor weighs against entry of a stay.

The strong presumption against stays, as well as application of the *String Cheese* factors, results in the conclusion that an imposition of a stay of discovery pending the settlement conference is not justified in this case.  Accordingly,

IT IS HEREBY **ORDERED** that the portion of the Motion [#37] that seeks a stay of discovery is **DENIED**.

IT IS FURTHER **ORDERED** that a Settlement Conference is set for **January 15, 2013**, at **1:30 p.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Plaintiff and his case manager shall contact the court at: (303) 335-2770 on the above date and time in order to participate.

IT IS FURTHER **ORDERED**  that counsel shall have parties present who shall have full authority to negotiate **all** terms and demands presented by the case and to enter into

a settlement agreement, including an adjustor if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet all terms or pay all amounts which are demanded or sought by any opposing party in the case without consulting with some other person, committee, or agency.

**IT IS FURTHER ORDERED that the parties shall follow Magistrate Judge Mix's Instructions for Preparation of Confidential Settlement Statements and Settlement Conference Instructions, copies of which are attached.**

Parties shall submit their Confidential Settlement Statement on or before **January 10, 2013**. Parties participating in ECF shall e-mail ONLY the Confidential Settlement Statement to Mix_Chambers@cod.uscourts.gov. All additional settlement materials (*e.g.,* depositions transcripts, exhibits, etc.) are to be submitted to the court as hard copies. Any additional material shall be delivered to the office of the Clerk of the Court or mailed directly to Magistrate Judge Mix in an envelope marked "Confidential and Private per Magistrate Judge Mix's Order". Parties not participating in ECF shall submit all materials as hard copies.

Dated: November 5, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge